UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KAREN MCAFEE,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendant.

Case No.  3:14-cv-005

Judge Thomas M. Rose
Chief Magistrate Judge Sharon L. Ovington

___

**ENTRY AND ORDER OVERRULING MCAFEE'S OBJECTIONS (Doc. #17) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #16); ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S NON-DISABILITY FINDING AND TERMINATING THIS CASE**

___

Karen McAfee ("McAfee") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On January 23, 2015, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendation (doc. #16) recommending that the Commissioner's decision that McAfee was not disabled be affirmed. McAfee subsequently objected and the time has run and the Commissioner has not responded to McAfee's Objections. This matter is, therefore, ripe for decision.

McAfee sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits ("DIB") benefits in December of 2009. McAfee claimed that she had been disabled since July 1, 2006, due to severe depression and an anxiety disorder.

The Commissioner denied McAfee's application. Administrative Law Judge ("ALJ") Theodore W. Grippo ("Grippo") held a hearing following which he determined that McAfee was not disabled. The Appeals Council denied McAfee's request for review and ALJ Grippo's decision became the Commissioner's final decision. McAfee then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #16) and in McAfee's Objections (doc. #17), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that McAfee was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a

matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, McAfee's Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED. Further, the Chief Magistrate Judge's Report and Recommendations is adopted in its entirety. The Commissioner's decision that McAfee was not disabled is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this 25th day of February, 2015.

                                        **s/Thomas M. Rose**
                                        THOMAS M. ROSE
                                  UNITED STATED DISTRICT JUDGE

Copies furnished to: Counsel of Record